## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James Ortiz

v.

American Auto Recovery, Inc., et al.

December 8, 1983

Case No. (Law) 14,850

By JUDGE HENRY L. LAM

The issue presented was to determine whether the plaintiff's insurance policy covered transmission damage caused to the insured's vehicle when it was towed from the scene of an accident that had occurred on the Chesapeake Bay-Bridge Tunnel.

Plaintiff claims that such damage was covered under either the "collision" coverage of policy (Coverage E) or under the Comprehensive coverage (Coverage D[1]). Counsel are in agreement that both coverages are written into policy number MM717-60-79. (Plaintiff's Exhibit 1).

This was argued before me on October 26, 1983. I have since reviewed the matter, and as advised by counsel, found little law touching upon this issue.

First, I agree and hold with the defendant that coverage is not afforded by the "collision" clause of the policy. There was no "striking" or "impact" directly related to the transmission damage.

But, I believe, and so hold that coverage is afforded to the plaintiff under the "comprehensive" coverage of the policy.

This policy contains the language that the company agrees "(1) To pay for loss other than by collision to the owned automobile."

For argument's sake, counsel have agreed that the transmission damage was caused by the towing; that the

damage was not the result of any intentional act of the insured, nor was it caused by normal wear and tear.

The Virginia Court in the case of *Phillips v. Commonwealth*, 209 Va. 361, 363 (1968), stated:

> The policy carried among others the usual "comprehensive coverage" provision by which the company agreed to pay "for loss caused other than by collision to the owned automobile," which was therein described as the 1966 Mercury later burned. For this coverage. . . the term of the policy. *Since the loss of the car by fire was obviously a loss "caused other than by collision," its destruction in this manner was a hazard covered by the policy.* [Italics mine].

Thus, as in the *Phillips* case, this was damage caused other than by collision. Such type of damage was unanticipated. Had it been, it would have been a hazard against which one would insure. And, in this case, the coverage did not specifically exclude such hazard.